[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE COUNTS ONE AND THREE
This is an action in three counts alleging breach of contract, and CUTPA violations arising out of plaintiff's testimony at a bankruptcy hearing on behalf of defendant's corporation, and seeking to hold defendant to a guaranty of payment for such services.
Defendant has moved to strike Count One and Three on the grounds that "they fail to state a cause of action upon which relief can be addressed." While this motion is probably defective on its face since the reasons for the claimed insufficiency have not been specifically stated as required by Practice Book 154, we briefly address the merits of the claim as addressed in defendants' memorandum of law.
Plaintiff attacks Count One on the ground that no primary contract has been alleged and no guaranty can be found without such primary contract. Par. 3 alleges that plaintiff agreed with the defendant on or about March, 1989, to provide preparation and testimony in defendant's corporation. . ." In Par. 3 defendant is alleged to be a corporate officer. In Par. 5 plaintiff alleges that "Defendant misrepresented that payment would be made by him personally."
Plaintiff has alleged sufficient facts for the existance [existence] of an underlying contract and a personal guaranty.
Defendant attacks Count 3 on the ground that the breach of contract claim is not an adequate basis to support a CUTPA (General Statutes 42-110b et seq.) action. The plaintiff has alleged in Count Three, that in addition to the breach of contract, defendant misrepresented his business and "willfully maliciously, deceitfully and improperly induced the plaintiff to provide [the] services." (Par. 9) In Par. 3 he alleges that "Defendant in response to demand for payment, delivered to plaintiff, eighteen gold coins to hold as collateral for the debt owed. These coins were found to be contraband." These allegations are sufficient to lay a foundation for a CUTPA claim. Heritage Home Improvement Co. Inc., v. Mulvihill,5 CSCR 213 (March 2, 1990, Hartmere J.).
Motions to Strike are denied.
Wagner, J.